■ AMERICAN INSURANCE ASSOCIATION et al., Appellants, v ROBERT W. BOUCHARD et al., Respondents. — Order, Supreme Court, New York County (Gammerman, J.), entered July 5, 1983, which, *inter alia,* granted the defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, without costs or disbursements, to declare chapter 55 of the Laws of 1982 constitutional and to strike the provision finding the controversy nonjusticiable and, except as thus modified, affirmed. ¶ Special Term dismissed this declaratory judgment action challenging the constitutionality of chapter 55 of the Laws of 1982 which, *inter alia,* provided for the transfer of $204,000,000 into the General Fund from the Property and Liability Insurance Security Fund, the Aggregate Trust Fund and the Stock Workmen's Compensation Security Fund, on the ground that a justiciable

controversy did not exist. Plaintiffs are three trade associations of insurance companies, 13 property and casualty carriers and two policyholders of such insurance and three Aggregate Trust Fund beneficiaries. In so ruling, Special Term found that since plaintiffs did not suffer immediate financial loss through increased premiums or failure of the State to pay claims they are not injured by chapter 55. Apparently, Special Term confused two issues, namely, the merits of the complaint and the right, in the first instance, to bring a declaratory judgment action. Whatever the merits of their complaint, plaintiffs, who present State constitutional claims, have standing to challenge the constitutionality of chapter 55. In *Boryszewski v Brydges* (37 NY2d 361, 362), the Court of Appeals expanded standing to include any taxpayer who challenges State legislative enactments "as contrary to the mandates of our State Constitution." The assets of the trust funds involved, which trusts were intended to secure the obligations of insurers to policyholders and beneficiaries in case of insolvency, were supplied by the very insurance companies who sue here. The plaintiffs' standing is clear. As for the merits, we find and declare chapter 55 to be constitutional in accordance with the opinion rendered in *Methodist Hosp. v State Ins. Fund* (102 AD2d 367). We have considered the so-called differences between the State Insurance Fund in *Methodist Hosp.* and the three funds involved here and conclude that they do not justify any different result. Concur — Sandler, J. P., Sullivan, Ross, Asch and Alexander, JJ.